UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CYNTHIA ODUM,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:12-cv-959 |
| | § | |
| **MORTGAGE ELECTRONIC** | § | |
| **REGISTRATION SYSTEMS, INC., AS** | § | |
| **NOMINEE FOR LENDER AND** | § | |
| **LENDER'S SUCCESSORS AND** | § | |
| **ASSIGNS,** *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a motion to dismiss filed by Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and HSBC Bank, N.A. ("HSBC"). After considering the motion, all responses thereto, and the applicable law, the Court finds that the motion must be granted and the case dismissed.

### I.   BACKGROUND

Pro se Plaintiff Cynthia Odum ("Plaintiff") filed her "Original Petition For Wrongful Foreclosure and Application for Temporary Restraining Order and Injunctive Relief" in state court on March 7, 2012. (Doc. No. 1-1.) On March 8, Plaintiff filed her Amended Petition. (Doc. No. 1-3.) On March 29, 2012, Defendants HSBC and MERS (collectively, the "Defendants") removed the case to this Court. Plaintiff's Amended Petition, which includes a number of

attached exhibits, relates to the alleged wrongful foreclosure of Plaintiff's home, located at 1017 The Cliffs Blvd., Montgomery, Texas, 77356 (the "Property").

Plaintiff alleges that the Property was owned by William Hornbeak, and that Mr. Hornbeak signed a Warranty Deed to Plaintiff on November 7, 2008. (Pl. Am. Pet. ¶ 11.) Mr. Hornbeak allegedly signed a Promissory Note with Freemont Investment & Loan (*id.* ¶ 12), as well as a Deed of Trust (*id.* ¶ 13). The Deed of Trust, attached to Plaintiff's Amended Petition, names Defendant MERS as the beneficiary under the Deed of Trust, and provides as follows: "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." (Pl. Am. Pet., Ex. B.) The Deed of Trust further states that MERS "holds only legal title to the interests granted by Borrower . . . but, if necessary . . . has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the property; and to take any action required of Lender, including but not limited to, releasing and canceling this Security Instrument." (*Id.*)

On or about November 4, 2009, MERS assigned the Deed of Trust to Defendant HSBC. (Pl. Am. Pet., Ex. H.) The Corporate Assignment of Mortgage/Deed of Trust states that the original lender was Fremont Investment & Loan, and that the original loan was in the amount of $202,144.

On October 4, 2011, Bank of America, as mortgage servicer for mortgagee HSBC, foreclosed on Plaintiff's property. (Pl. Am. Pet., Ex. C.) Plaintiff thereafter filed this lawsuit, in which she brings a claim for wrongful foreclosure and appears also to allege violations of the Texas Finance Code. On April 5, 2012, Defendants moved to dismiss Plaintiff's Amended Petition under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), a defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 2006 WL 2870972, at *2 (5th Cir. Oct. 9, 2006) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1203 (3d ed. 2004)).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950. The court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III.   ANALYSIS

#### A.  Wrongful Foreclosure

The Court understands Plaintiff to make the following allegations in support of her wrongful foreclosure claim: (1) MERS never held the Note; (2) MERS improperly split the Note and Deed of Trust; (3) MERS therefore lacked authority to assign the Deed of Trust to HSBC; and (4) as a result, neither HSBC as mortgagee nor Bank of America as mortgage servicer had the authority to enforce the Deed of Trust through foreclosure.

A number of courts in Texas have considered the role of MERS in situations similar to this one, specifically evaluating whether MERS must be the owner of the note in order to transfer its rights to a third party. In *Richardson v. CitiMortgage, Inc.*, the court explained that, under Texas law, where a deed of trust expressly provides for MERS to have the power of sale, then MERS has the power of sale. *Richardson*, No. 6:10cv119, 2010 WL 4818556 *5 (E.D. Tex. Nov. 22, 2010) (citing *Athey v. MERS*, 314 S.W.3d 161, 166 (Tex. App.—Eastland 2010)). The court explained that, because MERS was the nominee for Southside Bank and its successors and assigns, MERS had the authority to transfer the rights and interests in the deed of trust. *Id.*; *see*

4

*also Allen v. Chase Home Fin., LLC*, 4:11-CV-223, 2011 WL 2683192 (E.D. Tex. June 10, 2011) *report and recommendation adopted*, 4:11-CV-223, 2011 WL 2690576 (E.D. Tex. July 11, 2011); *Sawyer v. Mortgage Electronic Registration Systems, Inc.*, No. 3–09–CV–2303–K(BD), 2010 WL 996768, at *3 (N.D. Tex. Feb.1, 2010) (explaining that Texas law does not require "the mortgage servicer to be the 'holder' of the Note and Deed of Trust or to produce the original loan documents" prior to foreclosure). Another court considering the role of MERS explained as follows:

> MERS was given the authority to transfer the documents in the Deed of Trust. . . . As MERS is a beneficiary and nominee for both the originating lender and its successors and assigns by the express language in the Deed of Trust, the situation falls within an exception to the general rule that a party holding only the deed of trust cannot enforce the mortgage. See Comment e to the Restatement (3d) of Property (Mortgages) § 5.4. . . . Finally, while the Note may not specifically mention MERS, the Note and Deed of Trust must be read together in evaluating the terms ... thus, the Note and Deed of Trust are construed together as a single instrument.

*Eskridge v. Fed. Home Loan Mortgage Corp. et al.*, No. 6:10–CV–00285–WSS, 2011 WL 2163989 *5 (W.D. Tex. Feb. 24, 2011); *see also Silveira v. CitiMortgage, Inc.*, No. H-11-2757, 2012 WL 423409, at *2 (S.D. Tex. Feb. 8, 2012); *Spositi v. Fed. Nat. Mortg. Ass'n*, 4:11-CV-542, 2011 WL 5977319 (E.D. Tex. Nov. 3, 2011) *report and recommendation adopted*, 4:11-CV-542, 2011 WL 5975824 (E.D. Tex. Nov. 29, 2011) ("Since the Deed of Trust identifies MERS as the beneficiary and the nominee for the original lender and its successors and assigns, this makes MERS a mortgagee under the Texas Property Code. As a mortgagee, MERS could authorize CitiMortgage to service the loan and foreclose, regardless of whether MERS was the true owner of the Note."); *Sawyer v. Mortgage Electronic Registration Systems, Inc*., No. 3–09–CV–2303–K, 2010 WL 996768 *3 (N.D. Tex. Feb.1, 2010) (holding that mortgagees and mortgage servicers need not produce the original note).

Finally, the Fifth Circuit has rejected the argument that a mortgage servicer lacks the power to foreclose because it is not the owner of the note, explaining that "loan servicers, via agreement with the note's owner, can obtain the ability to foreclose." *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 637 (5th Cir. 2007) (citing *Pilcher v. Direct Equity Lending*, 189 F. Supp. 2d 1198, 1205 (D. Kan. 2002)). In reaching this conclusion, the Fifth Circuit found it persuasive that "the language of the Texas Property Code itself indicates that mortgage servicers can have the power to foreclose." *Id.* (citing Tex. Prop. Code § 51.002(d)).

As in a number of the above-cited cases, the Deed of Trust in this case identifies MERS as the beneficiary and the nominee for the original lender and its successors and assigns. Therefore, "MERS a mortgagee under the Texas Property Code." *Allen*, 2011 WL 2683192, at *3. Because MERS assigned its rights to HSBC, HSBC then had the power, as mortgagee, to foreclose. And, as mortgage servicers also have the power to foreclose under Texas law, Tex. Prop. Code § 51.002(d), the foreclosure by Bank of America as mortgage servicer was not improper. The Court appreciates the effort taken by Plaintiff to urge such a forceful challenge to Defendants' foreclosure on her home; however, the theories offered simply cannot provide a basis for relief.

### B.  Violations of the Texas Finance Code

Although Plaintiff does not list any other claims for relief in her Amended Petition, she appears to allege also that Defendants violated Sections 392.301(a)(8) (listed in Plaintiff's Amended Petition as 392.301(8)) and 392.304 of the Texas Finance Code. (Pl. Am. Pet. ¶ 46.) Section 392.301(a)(8) provides: "In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ" certain practices, including "threatening to take an

action prohibited by law." Because, as the Court has held, the foreclosure sale in this case was not an action prohibited by law, Plaintiff fails to allege a violation of Section 392.301(a)(8).

Section 392.304 provides: "Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices . . . ." Section 392.304 then lists nineteen different practices that would violate the Section, none of which Plaintiff has alleged occurred in this case. To the extent Plaintiff seeks to bring a claim based on violations of the Texas Finance Code, such a claim must be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss must be **GRANTED**. Plaintiff's Amended Petition is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**.

**SIGNED** this 22nd day of June, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE